```
                    United States District Court
                       District of Massachusetts
```

|                            |   |                       |
|----------------------------|---|-----------------------|
| **UNITED STATES**          | ) |                       |
|                            | ) |                       |
| v.                         | ) |                       |
|                            | ) | Criminal Case No.     |
| RUSSELL C. ROSE,           | ) | 11-10062              |
| KELVIN FRYE,               | ) |                       |
| OMAY A. FORD,              | ) |                       |
| MICHAEL ANDREWS,           | ) |                       |
| KYLE HICKS,                | ) |                       |
| ADALBERTO GRACIANI,        | ) |                       |
| ANTHONY VAUGHN,            | ) |                       |
| STEFAN PINA,               | ) |                       |
| DELRICO GRAHAM,            | ) |                       |
| JONATHAN MCGEE-BAKER,      | ) |                       |
| RICHARD JACKSON,           | ) |                       |
| BONNIE BEARSE,             | ) |                       |
| THOMAS GILSON,             | ) |                       |
| JEREMY WOBECKY, and        | ) |                       |
| JOEL ARIAS,                | ) |                       |
| Defendants.                | ) |                       |

**MEMORANDUM & ORDER**

GORTON, J.

The sixteen defendants in this case are charged with conspiracy to possess with intent to distribute over 100 grams of heroin, a Schedule I controlled substance, and over 500 grams of cocaine, a Schedule II controlled substance, in connection with their alleged involvement in a drug distribution enterprise on Cape Cod from 2008 to 2010. Before the Court are motions filed by defendants Adalberto Graciani and Jeremy Wobecky to revoke their respective detention orders.

## I. Background

At their initial appearance on March 31, 2011, the government moved to detain Graciani and Wobecky on the grounds that they pose a danger to the community and a flight risk, pursuant to 18 U.S.C. §§ 3142(f)(1)(C), 3142(f)(2)(A), respectively. After holding separate detention hearings on April 5 and 20, 2011, Magistrate Judge Jennifer Boal ordered both defendants detained, finding in both instances that no condition or combination of conditions would reasonably assure the appearance of the defendants and the safety of the community.

Graciani and Wobecky filed motions to reconsider their detention orders, citing changed circumstances. Graciani proffered that 1) his brother, a staff sergeant in the United States Army, was willing to post his residence to secure Graciani's release and to allow Graciani to live there under home detention and 2) his uncle was willing to serve as third-party custodian. Wobecky reported that his mother would be willing to serve as third-party custodian if he were to enroll in a drug treatment program. After holding hearings on both motions for reconsideration and interviewing the prospective third-party custodians, Magistrate Judge Boal, upon reconsideration, again ordered both defendants detained.

Graciani and Wobecky now seek review by this Court of Magistrate Judge Boal's detention orders, pursuant to 18 U.S.C.

§ 3145(b) ("If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."). A district court's review of a magistrate judge's detention order is de novo. United States v. Marquez, 113 F. Supp. 2d 125, 127 (D. Mass. 2000).

## II. Detention Provisions

Section 3142(e) of Title 18 of the United States Code provides that a judicial officer may detain a defendant pending trial if, after a hearing, the judicial officer finds that

> no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.

The government bears the burden of demonstrating that the defendant poses a danger to the community by clear and convincing evidence or that the defendant poses a flight risk by a preponderance of the evidence. See 18 U.S.C. § 3142(e)-(f). Where, as here, probable cause has been found and the offense charged is punishable under the Controlled Substances Act by a term of incarceration of 10 years or more, a rebuttable presumption of both danger to the community and risk of flight arises. 18 U.S.C. § 3142(e). While the ultimate burden of proof remains with the government, the defendant bears the burden of producing evidence to rebut that presumption. Marquez, 113 F. Supp. 2d at 127.

## III. **Application**

After a thorough review of the parties' submissions (Docket Nos. 176, 185, 216 & 225) and the relevant detention orders (Docket Nos. 67, 116, 168 & 206), this Court agrees with Magistrate Judge Boal that no condition or combination of conditions would reasonably assure the appearance of the defendants and the safety of the community.

Both defendants face lengthy terms of imprisonment if convicted and have extensive criminal histories including crimes of violence. Graciani is alleged to have been a ringleader of the organization who purportedly saw fit to endanger the community by trafficking significant quantities of narcotics while on pretrial release for a pending assault and battery charge in state court. Wobecky has a long history of defaults and probation violations indicating an unwillingness to abandon the criminal lifestyle. Both have failed to comply with conditions of release in the past and this Court is not prepared to risk the community's safety on their vows of redemption.

**ORDER**

Motions filed by defendants Graciani (Docket No. 176) and Wobecky (Docket No. 216) to revoke their respective detention orders are **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 26, 2012