```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
 _____
                                )
UNITED STATES OF AMERICA        )
                                )
         v.                     )      Crim. No. 11-10062-NMG
                                )
RUSSELL ROSE                    )
                                )
 _____ )
```

                                ORDER

**GORTON, J.**

     By letter dated September 19, 2013 (#929), defendant Russell Rose seeks clarification concerning the financial obligations imposed on him by the Court's April 10, 2013 judgment (#728). Rose seeks a statement from this Court that he does not owe the government any money.

     The Court cannot issue such a declaration. On April 18, 2013, the Court issued an order of forfeiture (#725) consisting of a personal money judgment against Rose, jointly and severally with co-defendant Kelvin Frye, in the amount of $227,500 in United States currency. This forfeiture was included on page 7 of the judgment (#728). The Court has since entered a preliminary order of forfeiture for substitute assets in partial satisfaction of the money judgment (#798); it is unclear how much of the $227,500 judgment will be satisfied by the substitute assets.

     Thus, even though Rose has paid the $100 special assessment and restitution was not ordered, he, jointly and severally with Frye, owe the federal government $227,500. See <u>United States</u> v. <u>Hall</u>, 434 F.3d 42, 59 (1st Cir. 2006) ("A money judgment permits the government to collect on the forfeiture order in the same way

that a successful plaintiff collects a money judgment from a civil defendant. Thus, even if a defendant does not have sufficient funds to cover the forfeiture at the time of the conviction, the government may seize future assets to satisfy the order."). It is undetermined at this point the extent to which the assets listed in the preliminary order of forfeiture for substitute assets (#798) will satisfy the money judgment against Rose.

The Court also notes that inmate financial responsibilities subject to the Bureau of Prison's Inmate Financial Responsibility Program ("IFRP") include special assessments, court-ordered restitution, fines and court costs, state or local court obligations, and "[o]ther federal government obligations." 28 C.F.R. § 545.11(a); see also Johnpoll v. Thornburgh, 898 F.2d 849, 851 (2d Cir. 1990) (rejecting challenge to the constitutional authority of BOP to use IFRP to collect civil judgments).

**So ordered.**

                                       /s/ Nathaniel M. Gorton
                                       Nathaniel M. Gorton
                                       United States District Judge
Dated: 10/17/13