United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 11-10062-NMG |
| Russell Rose, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the emergency motion of defendant Russell Rose ("defendant" or "Rose") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

## I. Background

In December, 2012, a jury found Rose guilty of conspiracy to distribute, and to possess with intent to distribute, cocaine and heroin. In April, 2013, this Court sentenced him to 300 months in prison and 10 years of supervised release. This Court later reduced Rose's sentence to 292 months of incarceration. Rose is currently serving his sentence at the Devens Federal Medical Center in Ayer, Massachusetts ("FMC Devens").

Rose moves to modify his sentence to time served and to convert the remainder of his sentence to a period of supervised release. He contends that he suffers from medical conditions that make him especially vulnerable to contracting COVID-19, namely high blood pressure, prediabetes and neutropenia, which is a condition causing a low white blood cell count. He also submits that the balance of factors laid out in 18 U.S.C. § 3553(a) weigh in favor of his release. The government disagrees and urges this Court to deny defendant's motion.

## II. Motion for Compassionate Release

### A. Legal Standard

A court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c) only if, after considering the factors set forth in § 3553(a), the Court finds that there are "extraordinary and compelling reasons" warranting such a reduction. § 3582(c)(1)(A)(i). Any modification must be made pursuant to either a motion of the Director of the Bureau of Prisons or a motion of the defendant after the defendant has

> fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

§ 3582(c)(1)(A).  Even if all other requirements are satisfied, a court should grant a motion for release only if it determines that the defendant is no longer a danger to the public. Id.

**B. Application**

Rose is not entitled to a modification of his sentence pursuant to the applicable statute.

First, Rose has not demonstrated that there are "extraordinary and compelling reasons" that would justify a reduction in his sentence.  He is 39 years old and does not suffer from a condition that places him at such an increased risk of severe illness from COVID-19 to warrant release.  High blood pressure is a common medical condition that does not provide a strong basis for release. See United States v. Colbert, 2020 WL 3529533, at *3 (E.D. Mich. 2020) (noting that hypertension "affects 46% of the U.S. adult population" in holding that defendant's medical condition is not extraordinary and compelling).  Neutropenia, which defendant refers to as "[p]erhaps [his] most concerning risk factor of all," has not been considered a sufficiently severe condition to justify compassionate release during the COVID-19 pandemic. See, e.g., United States v. Ellis, 2020 WL 6063840, at *4-5 (S.D. Ind. 2020) (denying motion for compassionate release where defendant had low white blood cell count); United States v. Wesley, 2020

-3-

U.S. Dist. LEXIS 129172 (E.D. Mich. 2020) (denying motion for compassionate release where defendant suffered from neutropenia, hypertension and obesity).  The Warden of FMC Devens maintains that Rose's medical conditions can be and are being treated by prison officials and defendant has not alleged any facts to the contrary.

Second, even if there were extraordinary and compelling reasons supporting a reduction in defendant's sentence, such a modification would be inconsistent with the § 3553(a) factors. Rose has served less than one-half of a lengthy prison sentence for his central role in a vast drug conspiracy involving a large amount of cocaine, firearms and obstruction of justice. Furthermore, he committed the offense for which he is currently incarcerated while serving a term of supervised release for a prior drug trafficking offense.  The seriousness of his repeated crime and the need for just punishment and respect for the law weigh heavily against defendant's release. § 3553(a)(2).

**ORDER**

Accordingly, defendant's motion for compassionate release (Docket No. 1364) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 6, 2020