United States District Court
District of Massachusetts

| | |
|---|---|
| **United States of America** ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 11-10062-NMG |
| **Russell Rose,** ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

On September 9, 2020, this Court dismissed the habeas petition of Russell Rose ("Rose" or "petitioner"). On December 7, 2020, the First Circuit Court of Appeals ("the First Circuit") directed this Court to issue or deny a certificate of appealability for his petition. For the following reasons, this Court will deny such a certificate.

**I. Background**

Rose is currently serving a 25-year sentence for conspiring to possess and distribute cocaine and heroin in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). He was purportedly a leader in a drug conspiracy which lasted from approximately March, 2008, until November, 2010.

This Court sentenced Rose on April 8, 2013, to 300 months imprisonment, followed by a supervised term of release of 10 years.  Rose appealed his conviction, arguing, among other things, that this Court improperly made drug-quantity findings and imposed a statutorily mandated sentence based on those findings in violation of Allyene v. United States, 570 U.S. 99 (2013).  The First Circuit affirmed Rose's conviction and denied his petition for a rehearing en banc.

Rose then filed a pro se motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (Docket Entry No. 1206).  In September, 2020, this Court accepted and adopted the Report and Recommendation of Magistrate Judge Boal (Docket Entry No. 1344) ("the R&R") dismissing Rose's § 2255 petition.  In October, 2020, Rose moved for compassionate release (Docket Entry No. 1364) which this Court also denied.

Rose issued a notice of appeal to the First Circuit in November, 2020.  Shortly thereafter, the First Circuit directed this Court to issue or deny a certificate of appealability with respect to Rose's petition.  For the following reasons, this Court will deny such a certificate.

## II. Certificate of Appealability

### A. Legal Standard

Section 2253(c) of Title 28 of the United States Code provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a "substantial showing," a petitioner seeking a certificate of appealability must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). To meet the standard of debatable-among-jurists-of-reason the petitioner must prove "something more than the absence of frivolity or the existence of mere good faith." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).

### B. Application

Reasonable jurists would not debate whether Rose's habeas petition should have been decided differently.

In his petition, Rose raises three ineffective assistance of counsel claims. To establish ineffective assistance of counsel, Rose must show that 1) counsel's performance was

deficient and that 2) the deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

Rose first contends that his trial counsel, Rudolph Miller ("Miller"), rendered ineffective assistance by failing 1) to object to certain jury instructions pertaining to a reasonably foreseeable drug weight attributable to Rose or 2) to request a special question on the verdict specifying a drug weight attributable to Rose.  Those allegations are reliant on Miller's failure to object on the basis of the decision in Alleyne v. United States, 570 U.S. 99 (2013), which was issued after Rose had been sentenced.  Because "failure to anticipate a new rule of law is not deficient performance," United States v. Sampson, 820 F. Supp. 2d 202, 223 (D. Mass. 2011), Rose cannot demonstrate that Miller's failure to anticipate the result in Alleyne and object on that basis was deficient performance under Strickland.

Rose also asserts that Miller's acts and omissions before and during his sentencing hearing constituted effective abandonment and insists he is entitled to a presumption of prejudice under United States v. Cronic, 466 U.S. 647 (1984). Rose cannot establish, however, that Miller's performance with respect to sentencing amounted to the "complete failure of meaningful adversarial testing" that is necessary to obtain the

Cronic presumption. Bell v. Quintero, 125 S. Ct. 2240, 2242 (2005) (Thomas, J., dissenting).  To the contrary, the record indicates that Miller actively and effectively represented Rose in his sentencing hearing.  Indeed, this Court praised Miller for the arguments he presented and cited his reasoning when imposing a sentence.  Accordingly, reasonable jurists could not debate whether Miller provided effective representation during the sentencing phase of Rose's case.

Finally, Rose submits that his appellate counsel rendered ineffective assistance by failing to notify the First Circuit that this Court imposed a mandatory minimum sentence in violation of Alleyne.  Reasonable jurists could not debate the merits of Rose's argument.  The appellate memoranda filed by both Rose and the government addressed the potential Alleyne violation at the district court level and the First Circuit explicitly referred to Rose's Alleyne claim in its opinion.  Furthermore, the First Circuit concluded that Alleyne had not been violated and, even if it had, the evidence precluded Rose from establishing the requisite prejudice to sustain such a claim.

Accordingly, reasonable jurists could not debate that Rose's habeas petition was properly dismissed.

**ORDER**

For the foregoing reasons, with respect to Rose's motion pursuant to 28 U.S.C. § 2255 (Docket Entry No. 1206), a certificate of appealability is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 10, 2020