United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America<br><br>v.<br><br>Russell Rose,<br><br>      Defendant. | Criminal Action No.<br>11-10062-NMG |

**MEMORANDUM & ORDER**

GORTON, J.

On June 24, 2022, this Court denied the pro se motion of Russell Rose ("Rose" or "defendant") for relief pursuant to Federal Rule of Civil Procedure 60(b)(6). On August 4, 2022, the First Circuit Court of Appeals ("the First Circuit") directed this Court to issue or deny a certificate of appealability for that motion. For the following reasons, this Court will deny such a certificate.

I. **Background**

Rose is currently serving a 25-year sentence for conspiring to possess and distribute cocaine and heroin in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). He was purportedly a leader in a drug conspiracy which continued from approximately March, 2008 to November, 2010.

This Court sentenced Rose in April, 2013, to 300 months imprisonment, followed by a supervised term of release of 10 years. Rose appealed his conviction, arguing, inter alia, that this Court improperly made drug-quantity findings and imposed a statutorily mandated sentence based on those findings in violation of Allyene v. United States, 570 U.S. 99 (2013). The First Circuit affirmed Rose's conviction and denied his petition for a rehearing en banc.

Since then, Rose has filed three pro se motions challenging his sentence or seeking to shorten his period of incarceration. The first, a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, was filed in June, 2017. This Court accepted and adopted the Report and Recommendation of Magistrate Judge Boal dismissing that motion. In October, 2020, Rose unsuccessfully moved for compassionate release. Most recently, in May, 2022, Rose moved for reconsideration of this Court's denial of his June, 2017 motion pursuant to Federal Rule of Civil Procedure 60(b)(6).

This Court denied that latest motion and, in July, 2022, Rose entered a notice of appeal to the First Circuit Court of Appeals ("the First Circuit"). The First Circuit has since directed this Court to issue or deny a certificate of appealability with respect to Rose's motion.

II. **Certificate of Appealability**

   A. **Legal Standard**

Section 2253(c) of Title 28 of the United States Code provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing", a petitioner seeking such a certificate must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). To meet the standard of debatable-among-jurists-of-reason the petitioner must demonstrate "something more than the absence of frivolity or the existence of mere good faith." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).

   B. **Application**

Reasonable jurists would not debate whether Rose's motion for reconsideration pursuant to Rule of Civil Procedure 60(b)(6) should have been decided differently.

As articulated in the original order denying the motion, Rose contended that reconsideration was required because this Court, in February, 2019, wrongly denied as moot his motion to

be provided with a copy of a transcript at the government's expense. The transcript at issue was that of an ex parte hearing held in March, 2013, with respect to the motion of Rose's appointed counsel to withdraw. This Court denied that motion as moot because, at the time of this Court's decision, Rose had already had access to the transcript allegedly withheld from him.

Rose has failed to demonstrate any "extraordinary circumstances" that would justify reconsideration of that decision. Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe, 257 F.3d 58, 64 (1st Cir. 2001). The availability of the transcript at issue justified the original denial of the motion as moot, as well as the denial of the motion for reconsideration. Based on the record before this Court, there is no evidence to the contrary and, thus, reasonable jurists would not debate that conclusion.

### ORDER

For the foregoing reasons, a certificate of appealability is **DENIED**.

So ordered.

Nathaniel M. Gorton
United States District Judge

Dated August 10, 2022