UNITED STATES DISTRICT COURT DISTRICT
OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | No. 11-cr-10062-NMG |
| RUSSELL ROSE | ) ) ) | |

## DEFENDANT'S SUPPLEMENTAL COMPASSIONATE RELEASE MOTION AND REQUEST FOR HEARING

Defendant Russell Rose ("Mr. Rose") has filed a pro se motion for compassionate release with this Court. Undersigned counsel has reviewed the motion, along with the supporting memorandum and exhibits.

Undersigned counsel has worked on numerous compassionate release motions, but finds there really is very little to add to Mr. Rose's pro se motion. In it, he sets forth in great detail the "extraordinary and compelling" circumstances that the Court can consider, including without limitation: his health circumstances; his family circumstances (mother responsible for both his young son and her own ailing mother); the harsh conditions resulting from the COVID outbreak in prison; the changes in the law that are favorable to Mr. Rose; and - - perhaps most importantly - - the extraordinary rehabilitation undertaken by Mr. Rose in prison.

There are several letters from BOP personnel who supervised Mr. Rose, and discussed his hard work and dedication in making sure the units in Devens were kept clean and sanitary during COVID - - a crucial task in a vulnerable prison "hospital" population. His instructor has stated that he

approached his studies diligently. Other inmates have written how welcome Mr. Rose is in their lives and what a positive influence he is. The reports are replete with the legions of classes and activities Mr. Rose has successfully completed.

      Undersigned counsel does want to bring to the Court's attention a recent retroactive guideline amendment. Mr. Rose had three criminal history points to which two additional points were added because the current offense occurred while he was under a criminal justice sentence. Under the current version of U.S.S.G. Section 4A1.1(e) (which has been made retroactive), those two additional points would not be added (because the criminal history points are less than seven). Mr. Rose's criminal history category drops from a Level III to a Level II. Under the current version of the sentencing table, the Guideline range at level 40 with criminal history category II is 324-405 months as opposed to 360 months – life with a criminal history category of III. Although Mr. Rose's sentence is below the lower end of the current Guideline range, to the extent that the Court was considering the Guidelines sentence as 360 months – life, the Court may find that the current "correct" sentence militates in favor of a reduction. The Court was willing to take 68 months off the Guidelines sentence then. Taking that amount of time off the current "correct" sentence would result in Mr. Rose being released for having served his time (his current release date is October 1, 2030, approximately 68 months from today's date). .

Mr. Rose, having engaged in extraordinary rehabilitation efforts, has a plan for success if released. He has been offered two jobs. His mom has said in her letter that he is not only welcome at her home, but that she really needs his help as she cares for his son and her own elderly mother. Moreover, obviously Probation can strictly monitor Mr. Rose if he is released because his sentence includes a period of 10 years supervised release.

It appears to undersigned counsel that this is a fairly rare case of a prisoner taking advantage of every opportunity to do the "right" thing. Mr. Rose has been separated from his young son and from his mother for many years. Based on all the evidence, he appears to be one of the best candidates for compassionate release. He is now a middle aged man who, if released, will be monitored until he is in his early 50s. Sentencing Mr. Rose to time served meets all the statutory goals of sentencing.

Mr. Rose would greatly appreciate the opportunity for a phone/Zoom hearing on his request for compassionate release.

    Respectfully submitted,

    RUSSELL ROSE

    By his attorney,

    /s/Karen A. Pickett

    _____

    Karen A. Pickett, BBO #633801
    Pickett Law Offices, PC
    125 High St., 26th Floor
    Boston, MA  02110
    617.720.2880
    kpickettlaw@gmail.com

**Date:** February 14, 2024

## CERTIFICATE OF SERVICES

    I hereby certify that this document filed through the ECF system will be sent to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/Karen A. Pickett
February 14, 2024