United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America ) <br> ) <br> v. ) <br> ) <br> Russell Rose, ) <br> ) <br> Defendant. ) <br> ) | Criminal Action No. <br> 11-10062-NMG |

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court is the motion of defendant Russell Rose ("defendant" or "Rose") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Docket No. 1487). This represents Rose's fourth motion for compassionate release since 2020. See Docket Nos. 1318, 1364, 1398. The first three motions were denied. See Docket Nos. 1320, 1380, 1406.

I. **Background**

In December, 2012, a jury found Rose guilty of conspiracy to distribute, and to possess with intent to distribute, cocaine and heroin. Although the Court initially sentenced him to 300 months in prison and 10 years of supervised release, it subsequently reduced that sentence twice based upon amendments

to the U.S. Sentencing Guidelines. As a result, Rose is currently serving a sentence of 262 months in prison and is scheduled to be released in August, 2028.

Rose moves to modify his sentence to time served with a term of supervised release to include home confinement. He contends that because of:

> 1) the unusually harsh prison conditions that have followed the COVID-19 pandemic,
>
> 2) his serious medical conditions, including his prediabetic status, hypertension and neutropenia,
>
> 3) his family circumstances, including his mother's responsibility for his teenage son, and
>
> 4) an intervening change in law which he claims lowered the mandatory minimum sentence that applied in his case,

extraordinary and compelling reasons warrant a reduction in his sentence.

## II. **Analysis**

The Court finds that there are no extraordinary or compelling reasons that warrant a modification of Rose's sentence pursuant to 18 U.S.C. § 3582(c).

First, Rose has previously moved for reduction in his sentence because of harsh prison conditions during the COVID-19 pandemic and the Court denied those motions. Rose does not suggest that the conditions he now faces are meaningfully different than those he encountered during the height of the

pandemic in 2020 or 2021 when his prior motions were denied. In fact, the Court takes judicial notice that prison conditions are better. There are currently no open COVID-19 cases at FCI-Otisville, the facility in which Rose is currently incarcerated, and that is consistent with the national decline in COVID-19 hospitalizations and deaths.[1]

Rose has also previously moved for, and this Court has rejected, a reduction in his sentence because of his medical conditions. He seeks a reduction pursuant to U.S.S.G. § 1B1.13(b)(1)(B) but, as the government notes, that section requires that defendant suffer from a serious medical condition

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Rose does not contend that his various medical conditions have impacted his ability to provide self-care and the government has submitted excerpts of his medical records that reveal that most of his conditions are either being effectively treated or are not particularly serious.

---

[1] See Federal Bureau of Prisons, Inmate COVID-19 Data, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last updated April 25, 2024); CDC, Trends in United States COVID-19 Hospitalizations, Deaths, Emergency Department (ED) Visits, and Test Positivity by Geographic Area, https://covid.cdc.gov/covid-data-tracker/#trends_currenthospitalizations_select_00 (last visited April 30, 2024).

While the Court sympathizes with Rose's challenging family circumstances, his mother's ongoing care for his teenage son does not amount to an extraordinary or compelling reason given the considerations identified in U.S.S.G. § 1B1.13(b)(3). Rose does not suggest, for example, that his mother is incapacitated and cannot provide care for his son. U.S.S.G. § 1B1.13(b)(3)(A).

Finally, Rose argues that an intervening change in law lowered the mandatory minimum sentence that this Court applied at his sentencing. That is inaccurate because the sentence imposed in this case was based upon guideline considerations rather than any statutory mandatory minimum. See United States v. Rose, 802 F.3d 114, 127 (1st Cir. 2015). The First Step Act subsequently enacted by Congress is not relevant to Rose's sentence.

## ORDER

Based on the foregoing reasons, defendant's motion for compassionate release (Docket No. 1487) is **DENIED**.

**So ordered.**

*/s/ Nathaniel M. Gorton*
Nathaniel M. Gorton
United States District Judge

Dated May 1, 2024